JOHN BALAZS, Bar #157287
Attorney At Law
916 2nd Street, Suite F
Sacramento, California 95814
Telephone: (916) 447-9299
John@Balazslaw.com

Attorney for Defendant
GARY ERMOIAN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-F 08-224-OWW |
| ) | |
| Plaintiff, ) | ORDER RE: DEFENDANT GARY ERMOIAN'S MOTION TO EXCLUDE |
| ) | STATEMENTS OF CO-DEFENDANTS |
| v. ) | |
| ) | |
| GARY ERMOIAN, et. al., ) | |
| ) | Hon. Oliver W. Wanger |
| Defendants. ) | |
| _____ ) | |

At a hearing on August 2, 2010, the Court heard, among other motions, defendant Gary Ermoian's motion to exclude statements of his co-defendants Swanson and Johnson to investigators and Johnson's grand jury testimony under the Confrontation Clause of the Sixth Amendment. Attorney John Balazs, Esq., appeared for Ermoian and Robert Forkner appeared for Swanson and specially appeared for Johnson. Assistant U.S. Attorneys Mark Cullers and Laurel Montoya appeared for the government.

After considering the parties briefs and hearing argument of counsel, IT IS HEREBY ORDERED that defendant's motion is granted in part and denied in part as follows:

1. The Court denies Ermoian's motion to exclude all of Swanson and Johnson's statements to investigators and Johnson's grand jury testimony, or alternatively for

severance.  Under *Crawford v. Washington*, 541 U.S. 36 (2004), the Court finds that the statements are inadmissible against Ermoian unless and until Swanson and Johnson testify at trial.  The Court will instruct the jury that Swanson and Johnson's statements are only admissible against the declarants and cannot be considered as evidence against Ermoian.  With this limiting instruction, the Court denies Ermoian's motion for severance.

      2.  With respect to the motion to exclude specific statements under the rule of *Bruton v. United States*, 391 U.S. 123 (1968), the Court denies the motion except that the Court finds certain statements identified at the hearing to be facially incriminating against Ermoian such that redaction is required under *Bruton*.  As a result, the Court finds that the statements set forth in Ermoian's supplemental brief filed July 21, 2010 (document 524) at page 2, lines 8-14, page 4, lines 15-22, and set forth in his reply brief filed July 31, 2010 (document 545) at page 4, lines 21-24 shall be redacted.   The government shall redact these statements from any recordings and transcripts shown to the jury in their case-in-chief and unless and until Swanson and Johnson testify at trial.

Dated: August 10, 2010

                                                    /s/ OLIVER W. WANGER
                                               UNITED STATES DISTRICT JUDGE